# United States District Court For The Middle District of Pennsylvania

| | |
|---|---|
| Joshua Antonio McClendon, Plaintiff | Civil Action No. |
| vs. | Complaint For Damages |
| C/O John Doe #1<br>C/O John Doe #2<br>Warden Gene Beasley,<br>Federal Bureau of Prisons,<br>United States of America,<br>Defendants | Jury Trial Demand<br><br>FILED<br>WILLIAMSPORT<br>OCT 21 2019<br>PER NR<br>DEPUTY CLERK |

Comes now the Plaintiff, Joshua Antonio McClendon, Pro se with his Complaint for Damages in the underlying Causes of Action(s) and hereby verifies his Complaint For Damages under the Federal Tort Claims Act, 28 U.S.C. §1346; And pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) as a collateral Complaint and verifies cause(s) of actions as averred to and verified in the Complaint and it's Appendices as follows:

## Parties

Pursuant to the Federal Tort Claims Act outlined in 28 U.S.C. § 1346 the defendants in this matter are deemed as C/O John Doe #1, C/O John Doe #2, and Warden Gene Beasley in their INDIVIDUAL and OFFICIAL CAPACITIES and the Federal Bureau of Prisons in its OFFICIAL CAPACITY as the United States of America will be supplanted as the Tortfeasor of the complained about parties.

## Jurisdiction

Jurisdiction is appropriate in the Middle District of Pennsylvania as the tortious conduct that forms the allegations of the instant complaint is governed by the tort law of the state of Pennsylvania where the tortious conduct and allegations occurred: specifically at U.S.P. Allenwood located in White Deer, Pennsylvania. Jurisdiction is equally appropriate in the Middle District of Pennsylvania for the "Bivens Allegations" of the instant complaint as the underlying acts and/or omissions verified in the Plaintiff's complaint took place at U.S.P. Allenwood.

(1)

## FACTUAL ALLEGATIONS
### Statement of the Case

The factual allegations that form the complaint for both tortious conduct by the defendants in their INDIVIDUAL AND OFFICIAL CAPACITIES in which the United States of America will be supplanted as the tortfeasor are verified as follows:

On December 26, 2018 at approx 1:50pm in unit 1-B at U.S.P. Allenwood I Joshua Antonio McClendon, walked into the unit to my cell #116, and was followed by an inmate sitting outside the cell door who immediately pulled out a medal prison made knife, and began stabbing me while someone stood outside the cell door making sure I couldn't get out, and once I was able to get out into the unit I continued to get stabbed. The serious personal injuries I sustained are as follows: Two puncture wounds on top of my head. Both on the right side with one in the parietal area, and the other towards the occipital, A 1 inch inceration on medial side of right hand, Abrasion to the right upper arm, left scapula abrasion, Right scapula Abrasion with one puncture wound, Abrasion to right lateral back, Abrasion to left lower flank and two puncture wounds, two puncture wounds in the middle of lower back, three puncture wounds to right flank, one puncture wound towards the base of the neck, and one puncture wound on left flank as well as traumatic bleeding.

### First Cause of Action

Under the Federal Tort Claims Act the Plaintiff may bring a lawsuit for injuries sustained in custody as a consequence of the conduct, acts, and/or omissions of a Government Agency. The tort law of the State of Pennsylvania controls in this matter as the tortious actions of the defendants determines that a duty was breached to the Plaintiff and that the injuries he suffered are the proximate cause of those actions. The Plaintiff further alleges that the defendants failed to protect him against known risks of harm due to their acts and/or omissions as expounded under 18 U.S.C. §4042. The Plaintiff alleges that the defendants are culpable by way "sufficiently gross misconduct" that amounts to deliberate indifference for the health and safety of the Plaintiff. As a result the defendants placed the Plaintiff at a substantial risk of serious harm amounting to cruel and unusual punishment in violation of the Eighth Amendment.

## Second Cause of Action

**I.**

Plaintiff reaffirms, realleges, and incorporates herein by reference each and every allegationed contained in the First Cause of Action herein.

**II.**

Under Program Statement 3420.09... Failure to remain fully alert and attentive during duty hours constitutes inattention to duty in a correctional enviroment which can result and did result to an incident involving a prolonged assault by means of a steel weapon, PS 3420.09; failure to respond to the Plaintiff's emergency for five to ten minutes jeopardized the security of the institution, as well as the lives of staff and inmates. It is mandatory that employees respond immediately, effectively, and appropriately, PS 3420.09; The acts and/or omissions of the defendants resulted in the infliction of pain that is "totally without penological justification" due to their gross negligence amounting to deliberate indifference in violation of the Eighth Amendment.

## Third Cause of Action

**I.**

Plaintiff reaffirms, realleges, and incorporates herein by reference each and every allegation contained in the first and second cause of actions herein.

**II.**

Failure to take adequate security measures to eliminate or prevent presence of any weapons in Unit 1-B, a known or foreseeable danger to staff and inmates in Unit 1-B, which ultimately caused the plaintiff to sustain multiple life-threatening puncture wounds to the head, face, back, arms, shoulders, hand, etc; Failure to perform or exercise a degree of care which was reasonable, prudent, and proper towards the plaintiff's safety and well-being; Failure to act with proper and reasonable intent to ensure the safety of the facility and to maintain order among inmates... In not doing so the defendants acts and/or omissions amount to deliberate indifference in violation of the Eighth Amendment.

## Fourth Cause of Action

**I.**

Plaintiff reaffirms, realleges, and incorporates herein by reference each and every allegation contained in the first, second, and third cause of actions herein.

## II.

The Plaintiff offers herein that the government employees at issue are and were aware of BOP USP correctional environments presenting instances well documented of pervasive violence with weapons requiring adequate security measures and responsiveness at all times relevant and material thereto, therefore upon knowledge and belief, the danger was known and foreseeable. The duty of care provided by 18 USCS 4042 was breached by the negligent or wrongful acts or omissions causing Plaintiff to sustain serious personal injuries, satisfying all elements of negligence. Due to the defendants improper training, gross negligence, breach of duty, and wanton disregard for the plaintiff's safety he was subjected to circumstances amounting to deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment.

### Pray For Damages

Wherefore Plaintiff prays for judgement against defendants, and each jointly and separately, the Plaintiff realleges, reaffirms, and incorporates herein by reference each and every allegation contained in the First, Second, Third, and Fourth cause of actions herein. The Plaintiff charges that he has suffered the damages below as follows:

### Compensatory Damages:

The Plaintiff seeks an award of $10,000,000.00 as compensatory to his substantial and permanent emotional and psychological injuries which are a direct result of his physical injuries. This includes but is not limited to, migraine headaches, extreme paranoia, anxiety, depression and the inability to gain proper sleep all amounting to undue pain and suffering stemming from Plaintiff's assault by a "homemade weapon".

### Punitive Damages:

The Plaintiff seeks an award of $15,000,000.00 against the defendants jointly and separately to deter future gross negligence, wanton disregard for inmates health and safety, deliberate indifference and to promote proper training, awareness, and adequate security measures as to prevent and/or reduce violence throughout the Federal Bureau of Prisons.

## Special Damages:

The Plaintiff Moves This Honorable Court to Award special damages in this matter for compensation for future Mechanisms that may not be relevant at this time due to unforeseen injuries that will develop over time and not known to the Plaintiff. The court should exercise it's discretion as to the amount of the award when facts present themselves at the time.

## For Attorney's Fees and Cost of Litigation of this Civil Action:

The Plaintiff moves the Court for an Award of Attorney's fees and cost pursuant to 42 U.S.C. §1988 should he be represented by counsel at any juncture in the proceedings of this case.

And for any other relief that the Court may deem right and appropriate.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge and belief. 28 U.S.C. 1746.

Executed on this 14th day of October, 2019.

Respectfully Submitted,
*Joshua McClendon* #17421-064
Joshua McClendon #17421-064

Joshua Antonio McClendon
Reg# 17421-064
USP Florence - High
P.O. Box 7000
Florence, Co 81226

Legal Mail

Herman T. Schneebeli Federal Build.

United States District Court
For The
Middle District of Pennsylv
Clerk of The Court
240 W. 3ʳᵈ ST. Suite 2
Williamsport, PA 17701